**Kevin JOHNSON, Plaintiff–Appellee,**

v.

**Page TRUE, Warden, Red Onion State Prison; Jerry W. Armentrout, Assistant Warden of Operations, Red Onion State Prison; Yvonne Elswick, Assistant Warden of Programs, Red Onion State Prison; Security Chief Yates, Red Onion State Prison; Richard Rowlette, Security Chief, Red Onion State Prison; Ronald Fowler, Prison Guard, Lieutenant, Red Onion State Prison; Lieutenant Harrison, Prison Guard, Red Onion State Prison; Larry Alan Cox; R. Pientka, Sergeant, Prison Guard, Red Onion State Prison; Sergeant Childress; T. McCoy, Prison Guard, Sergeant, Red Onion State Prison; Kevin McCoy, Sergeant, Prison Guard, Red Onion State Prison; Danny Damron, Sergeant, Prison Guard, Red Onion State**

Prison; S. Deel, Prison Guard, Red Onion State Prison; L. O'Quinn, Prison Guard, Red Onion State Prison; D. Lambert, a/k/a O. Lambert, Prison Guard, Red Onion State Prison; Prison Guard White, Red Onion State Prison; Prison Guard Webb, Red Onion State Prison; R. Cantrell, Prison Guard, Red Onion State Prison; L. Collins, Prison Guard, Red Onion State Prison; Mullins, Red Onion State Prison; Ron Angelone, Defendants–Appellants,

and

Sergeant Turner, Prison Guard, Red Onion State Prison; Prison Guard Rasnick, Red Onion State Prison; Prison Guard Bowen, Red Onion State Prison; G.W. Mullins, Prison Guard, Red Onion State Prison; John Does, 1–6, Prison Guards, Red Onion State Prison; T. Hayes, LPN, Red Onion State Prison; RN Baker, Red Onion State Prison; L. Owens, Medical Administrator, Red Onion State Prison; Doctor U. Nwauche, Red Onion State Prison, Defendants.

No. 01–7066.

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 26, 2002.

Decided April 18, 2002.

Kevin Johnson, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, Virginia, for Appellees.

Before LUTTIG and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished PER CURIAM opinion.

OPINION

PER CURIAM.

Virginia inmate Kevin Johnson filed this action pursuant to 42 U.S.C.A. § 1983 (West Supp.2001), complaining about numerous allegedly unconstitutional prison conditions. The Defendants, various prison officials, filed a motion to dismiss, arguing that the district court lacked jurisdiction to hear the case because Johnson had not exhausted his administrative remedies as to every claim. The district court denied the motion to dismiss.

Subsequently, the district court discovered that three of Johnson's previous actions had been dismissed as frivolous or malicious or for failure to state a claim upon which relief could be granted. The district court ordered Johnson to pay the filing fee within twenty days or risk dismissal of the lawsuit. When Johnson failed to comply with this order, the court dismissed the action without prejudice for non-payment of the fee.

Johnson appealed, and the Defendants cross-appealed, seeking a review of the court's order denying their motion to dismiss and another order that the Defendants supply Johnson with copies of certain administrative regulations. Johnson's appeal was dismissed for failure to prosecute. It is Defendants' cross-appeal that is before us.

We dismiss the appeal for want of standing. A party must be aggrieved by a final order in order to have standing to appeal. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 333–34, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *HCA Health Servs. of Va. v. Metropolitan Life Ins. Co.*, 957 F.2d 120, 123 (4th Cir.1992). Here, the Defendants are not aggrieved by the final order; indeed, that order bears no substantive relationship to either of the earlier orders.

694

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motions to consolidate and to proceed on appeal in forma pauperis, for reconsideration, and for "panel hearing or rehearing en banc" are denied.

*DISMISSED.*